IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. **3:16CR37**

**RODNEY D. CRAWLEY**,

Petitioner.

## MEMORANDUM OPINION

Rodney D. Crawley, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 41). Crawley contends that he experienced ineffective assistance of counsel because his counsel failed to object to the use of a prior conviction for Virginia robbery as a qualifying predicate for his career offender designation. (ECF No. 42, at 2.) As explained below, because Crawley's counsel challenged the use of Crawley's Virginia robbery conviction in determining whether Crawley was a career offender, Crawley fails to demonstrate that counsel performed deficiently.

### I.  PROCEDURAL HISTORY

On May 12, 2016, Crawley pled guilty to Count One of the Indictment, which charged him with Possession with Intent to Distribute Methamphetamine. (ECF No. 19, at 1.) As part of the Plea Agreement, Crawley waived his right to appeal his conviction and any sentence within the statutory maximum. (*Id.* at 4.)

In the Presentence Investigation Report ("PSR"), Crawley was found to be a career offender based upon his convictions in the Circuit Court for the City of Richmond of robbery and distribution of cocaine. (ECF No. 26 ¶¶ 39, 41, 48.) Crawley, through counsel, Nia Vidal, objected to the use of the robbery conviction as a predicate offense for the career offender designation. (ECF No. 28, at 2.) Counsel stated:

> Recently, the definition of "crime of violence" under U.S.S.G. § 4B1.2 was amended by the Sentencing Commission to comply with the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). While this amendment, effective August 1, 2016, removed the definition of the residual clause in the crime of violence definition, it added a number of enumerated offenses that the Commission considers [a] crime of violence. Robbery has been added as an enumerated offense.
>
> As this Court is well aware, since the *Johnson* decision, there has been significant litigation challenging whether particular crimes, including robbery, are crimes of violence under the so-called force or elements clause, U.S.S.G. § 4B1.2(a)(1), or the enumerated offenses clause, U.S.S.G. § 4B1.2(a)(2). This objection simply preserves this issue, arguing that robbery, as charged in Virginia is not categorically a crime of violence under the force clause, and that it does not meet the generic definition of a robbery under the enumerated clause.

(*Id.* at 2–3.)

On September 9, 2016, Crawley filed a letter stating that he had lost confidence with Ms. Vidal. (ECF No. 31.) Thereafter, Ms. Vidal moved to withdraw as counsel, (ECF No. 32), and the Court granted the motion and appointed new counsel. (ECF No. 33.) Crawley's new counsel, Sherri Thaxton, adopted Ms. Vidal's objection to the use of Crawley's Virginia robbery conviction to designate him as a career offender. (ECF No. 37.)

At sentencing, the Court noted Crawley's objection. (ECF No. 47, at 6.) The Court also acknowledged that the United States Court of Appeals for the Fourth Circuit had recently decided *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), wherein it concluded that the South Carolina crime of robbery was a crime of violence under the force clause. (*Id.* at 6–7.) The Court then concluded "under guideline 4B1.1 and *U.S. v. Doctor*, he is a career offender, because the South Carolina and Virginia robbery laws are substantially the same, and both involve threatened use of physical force." (*Id.* at 7.) The Court then sentenced Crawley to 188 months of imprisonment, the low-end of the advisory Sentencing Guideline range. (*Id.* at 34.)

## II.     CRAWLEY'S § 2255 MOTION

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In his § 2255 Motion, Crawley contends that he failed to receive the effective assistance of counsel because counsel failed "to object to the use of [his] prior conviction for Virginia robbery . . . . as [a] qualifying predicate for [c]areer [o]ffender [designation]." (ECF No. 42, at 2.) Crawley contends that "[h]ad counsel objected and requested application of the categorical approach," Crawley would not have qualified as a career offender. (*Id.* at 3.) Here, the record reflects that counsel made the exact objection Crawley faults her for omitting. Crawley, therefore, fails to demonstrate that counsel performed deficiently. Moreover, as counsel made the objection that Crawley urges here, Crawley cannot "show that there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Furthermore, "Virginia robbery is a crime of violence under USSG § 4B1.2(a)'s enumerated offenses clause." *United States v. Parker*, 716 F. App'x 190, 193 (4th Cir.) (citation

omitted), *cert. denied*, 138 S. Ct. 2638 (2018). Thus, Crawley fails to demonstrate prejudice. Accordingly, Crawley's claim will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Crawley's § 2255 Motion (ECF No. 41) will be DENIED.

The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 23 April 2020
Richmond, Virginia