IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:16-cr-037 |
| RODNEY D. CRAWLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**United States' Response to**
**Defendant's Motion for Compassionate Release**

The United States respectfully submits this response regarding the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant has now served over 121 months and has been released from FCI Cumberland to home confinement.  The United States does not oppose a reduction in the custodial portion of the sentence.  However, the United States opposes any reduction of the term of supervised release.

The United States also provides the following information pursuant to the Court's March 3, 2026 Order.  *See* ECF No. 106

a. The defendant has been released to home confinement with supervision through the Residential Reentry Management (RRM) field office in Baltimore, Maryland.  His projected release date is June 6, 2028.

b. In addition to the information included in the defendant's Program Review (ECF No. 103-1), the United States provides the defendant's Inmate Education Data Transcript as an exhibit to this filing.  *See* GX A.

c. In addition to the information included in the defendant's Program Review (ECF No. 103-1), the United States provides the defendant's Inmate History - Drug Programs as

an exhibit to this filing.  *See* GX B.

d.  Records received from the Bureau of Prisons (BOP) indicate the defendant has not had any incident reports from at least six months prior to his most recent Program Review, which is dated October 30, 2025.  Records received do not reflect any disciplinary violations for this defendant while in BOP custody.

e.  The relevant considerations of public safety will be addressed below when addressing the defendant's period of supervised release.

### Background

In 2016, Rodney Crawley, the defendant, pled guilty to possession with intent to distribute methamphetamine. At sentencing, this Court determined that the defendant qualified as a career offender under U.S.S.G. § 4B1.1 based on his prior convictions for Virginia distribution of cocaine as an accommodation and for Virginia robbery. This Court sentenced Crawley to 188 months' imprisonment, the bottom of the advisory Guidelines range.

Since his conviction, the defendant has filed multiple motions seeking post-conviction relief, including three motions for compassionate release.  The most recent of these motions was in 2022.  The defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons warranted his early release from prison. Specifically, the defendant argued that his prior Virginia robbery conviction no longer qualified as a predicate crime of violence for career offender designation under U.S.S.G. § 4B1.1. The defendant also argued that COVID-19 and his rehabilitation constituted extraordinary and compelling reasons. This Court denied his motion, finding that the defendant had not established "extraordinary and compelling" reasons for compassionate release.  It is clear this Court carefully considered the defendant's motion, noting specific legal issues that had yet to be clarified by the

Fourth Circuit, including the implications of *U.S. v White*, 24 F.4th 378 (4th Cir. 2022) on the enumerated offenses clause under § 4B1.2 and how courts should apply the amended policy statement to motions that predate November 1, 2023.  Indeed, this Court specifically concluded the memorandum opinion by stating:

> The Court's conclusions in this Opinion, however, do not foreclose the possibility that his argument regarding the career offender enhancement, especially when coupled with his noteworthy rehabilitation, could amount to an "extraordinary and compelling" reason to reduce Crawley's sentence in the future should the law develop to further support his argument.  The Court, therefore, will allow Crawley to re-raise this argument in a future motion for compassionate release, if appropriate.

ECF No. 94, Court's March 5, 2024 Memorandum Opinion.

The defendant appealed and the Fourth Circuit, in affirming the district court's denial of defendant's motion for compassionate release, provides direct and controlling guidance for the defendant's renewed motion.  The Fourth Circuit held that the updated policy statement applies to pending motions, such as the defendant's, filed prior to the effective date of the Sentencing Commission's amended policy statement in U.S.S.G. § 1B1.13(b).  The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13(b)(6) recognizes that, in certain circumstances, a defendant who has served at least ten years of an unusually long sentence may establish extraordinary and compelling reasons based on a change in the law that would result in a substantially lower sentence if imposed today.  The Fourth Circuit clarified that its "holding in *White* did indeed effect a change in the law that created a gross disparity between Crawley's 2016 sentence and the sentence he likely would have received had he been sentenced at the time of his motion" and such disparity would be sufficient to satisfy U.S.S.G. § 1B1.13(b)(6).    *United States v. Crawley*, 140 F.4th 165, 167 (4th Cir. 2025).  However, the Fourth Circuit emphasized that the defendant had not yet served ten years of his sentence in prison, thereby making consideration of § 1B1.13(b)(6) unavailable to

3

him at that time.

The defendant has now served over 121 months of his federal sentence. Furthermore, since the filing of the defendant's motion in district court, there have been subsequent legal developments – including *United States v. Parham*, 129 F.4th 280 (4th Cir. 2025), which further clarified that Virginia robbery is not a qualifying predicate offense.

The defendant has continued to maintain good conduct while in BOP custody and has been released to home confinement. The United States does not oppose the defendant's motion for a reduction in the custodial portion of his sentence to a sentence of time served.[1]

However, the United States does oppose the defendant's request to "either eliminate, or greatly reduce, his period of supervised release." *See* Defendant's Motion, ECF No. 103 at 6. This Court has twice held that the relevant statutory sentencing factors did not support the defendant's motion for compassionate release. *See* ECF Nos. 62, 64. The concerns expressed by the Court support maintaining the original imposition of five years of supervised release. The defendant was arrested after he received three packages through the mail containing approximately 40 pounds of marijuana. ECF No. 20, ¶2. Post-*Miranda*, the defendant admitted that he knew the packages contained marijuana and that he intended to sell the marijuana. PSR ¶10. Law enforcement also recovered 250 grams of methamphetamine in a safe in the defendant's bedroom. *Id*. This amounts to a significant amount of controlled substances that the defendant intended to distribute and shows the seriousness of the offense conduct.

The defendant's criminal history includes convictions for assault and battery, distribution

---

[1] As directed in the Court's Order (ECF No. 106), the United States has contacted the United States Probation Office, Richmond Division to notify it that (1) the United States does not oppose the defendant's motion for compassionate release and (2) the United States does oppose the defendant's request to eliminate or greatly reduce the five years of supervised release.

of cocaine, and robbery. PSR ¶¶35, 39, 41. His criminal history is serious, but his conduct while on supervision is troubling and supports this Court's original imposition of five years of supervised release. In 2009, he violated the terms of his probation and suspended sentence by getting re-arrested on a new offense. *Id*. Despite being arrested for robbery while on probation for his drug offense, he appears to have been released from supervised probation in 2010. *Id*. As this Court noted in its prior order denying compassionate release, although the defendant had been terminated from terms of supervised probation, "he was on unsupervised probation at the time he committed the offense in this case." ECF Nos. 62 at 4; 64 at 5.

Respectfully submitted,

Todd W. Blanche
Deputy Attorney General

By:        /s/
Janet Jin Ah Lee
Virginia Bar No. 84104
Assistant United States Attorneys
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Tel.: (804) 819-5400
Fax: (804) 771-2316
Janet.Lee@usdoj.gov