**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 3:16-cr-00037

RODNEY D. CRAWLEY,

        Defendant/Petitioner.

**Petitioner's Reply in Support of his Motion for Compassionate Release**

The Government, in its response to Mr. Crawley's Motion for Compassionate Release, states that it does not oppose a "reduction in the custodial portion" of Mr. Crawley's sentence, but it does oppose any reduction to his term of supervised release. ECF 108, at 4. In support of its position, the Government does not address the points Petitioner made concerning the relevant sentencing factors in his Memorandum in Support of his Motion for Compassionate Release. ECF 103, at 7-10. The Government also does not address the United States Probation Office's filing, ECF 107, which supports the Petitioner. Instead, the Government points to Mr. Crawley's criminal history prior to the instant offense, the specifics of the instant offense, the fact that Mr. Crawley violated a term of probation in 2009, and the fact that the instant offense occurred (in 2010) while he was on unsupervised probation. ECF 108, at 4-5. These offenses, which all occurred well over a decade ago, do not outweigh Mr. Crawley's impressive efforts at rehabilitation and spotless record while incarcerated. Nor do they outweigh the fact that he has already served over a year in excess of the high end of the guidelines for a similarly situated defendant sentenced today.

The Government agrees that were Mr. Crawley sentenced for the same crime today, he would not be considered a career offender. ECF 108, at 3-4. Accordingly, the Government cannot contest that his sentencing guidelines range today would be 84 to 105 months. ECF 107, at 1. Nor,

1

of course, can they dispute that he has spent 122 months in custody at this point. *Id*. at 2. Therefore, the Government is essentially asserting that the specifics of Mr. Crawley's crime and criminal history mean that were he sentenced for the same crime today, an appropriate sentence would be 122 months (plus the time this motion is pending) and (five) 5 years of supervised release. That is more than a year in excess of the high end of the guidelines of incarceration and a five-year term of supervised release. Their only support for such an assertion is the actions Mr. Crawley took, at the latest, over a decade ago. Even if those actions supported a sentence far exceeding the guidelines when they were taken, that is not the appropriate analysis at this stage.

When a district court is determining the appropriate sentence for an individual, "the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction." *Concepcion v. United States*, 597 U.S. 481, 486 (2022) (citing *Pepper v. United States*, 562 U.S. 476, 492 (2011)). Mr. Crawley is not the same man he was when he committed the instant offense or when this Court sentenced him. The evidence of his impressive post-sentencing rehabilitation "bears directly on the District Court's overarching duty to 'impose a sentence sufficient, but not greater than necessary' to serve the purposes of sentencing." *Pepper v. United States*, 562 U.S. 476, 493 (2011) (quoting 18 U.S.C. § 3553(a)).

Mr. Crawley's actions over the last decade of his life have the most bearing on the person he is likely to be for the next decade. Demonstrative of the person he has become, Mr. Crawley quickly found employment after being released to home confinement. He will be starting work on Monday, March 30, 2026 as a Material Handler with QubicaAMF, a maker of bowling equipment. Offer of Employment, attached as **Exhibit 1**. Focusing solely on the specifics of the crimes which placed Mr. Crawley in prison over a decade ago without considering the person he has been over that last decade would contravene Supreme Court precedent and go against the very purpose of

the expansion of compassionate release. Mr. Crawley spent his decade in prison taking advantage of as many courses, programs, and opportunities to learn as he could. He kept his disciplinary record completely clean the entire time and assisted prisoners struggling with mental health issues. Since being released to home confinement, he has already found employment and is spending time with his family and support system. Relieving him of his remaining home confinement period and term of supervised release would allow him to continue that process and begin to work towards independence.

Respectfully submitted,

RODNEY D. CRAWLEY,

By:     /s/ Danny Zemel___
                    Counsel

Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 East Main Street, Suite 2020
Richmond, Virginia 23219
804.774.7950 Phone
804.381.4458 Fax
dzemel@krudys.com
*Counsel for Petitioner*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record.

/s/ Danny Zemel

Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 East Main Street, Suite 2020
Richmond, Virginia 23219
804.774.7950 Phone
804.381.4458 Fax
dzemel@krudys.com
*Counsel for Petitioner*

4