IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                                Criminal Action No. 3:16cr37

RODNEY D. CRAWLEY,
              Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the defendant, Rodney D. Crawley.  (ECF No. 102.)  Crawley requests compassionate release because of the disparity between his original sentence and the sentence he would receive if sentenced today, based on a recent decision in his case by the United States Court of Appeals for the Fourth Circuit.[1]  Crawley asks the Court to reduce his sentence to time served, eliminating both the custodial and supervised release portions of his sentence.  The government does not oppose the motion to the extent he asks for time served, but it opposes any reduction to his term of supervised release.  Based on the Fourth Circuit's recent decision and the defendant's demonstrated history of rehabilitation, the Court will grant Crawley's motion in part and reduce his sentence to time served.  It will not, however, reduce his supervised release term at this time.

## I. BACKGROUND

On December 30, 2015, a United States Postal Inspector discovered forty pounds of marijuana in packages addressed to a home in Richmond, Virginia.  Law enforcement conducted an arranged delivery of the packages, during which Crawley—then on unsupervised probation—

---

[1] See *United States v. Crawley*, 140 F.4th 165 (4th Cir. 2025).

put the packages in his car and drove to his home in Chesterfield, Virginia.  Law enforcement searched Crawley's home and found 250.32 grams of a mixture containing methamphetamine in a safe in his bedroom and arrested Crawley.  On May 12, 2016, Crawley pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).

The Presentence Investigation Report added a career offender enhancement under U.S.S.G. § 4B1.1 based on two of Crawley's prior felony convictions.  First, it applied the enhancement based on a conviction in Virginia state court for robbery—a felony conviction for a crime of violence—during which Crawley and his co-defendant allegedly pointed a gun at the victim.  Second, it based the enhancement on a conviction for distribution of cocaine as an accommodation—a felony conviction for a controlled substance offense.  This enhancement increased his offense level from twenty-six to thirty-four and his criminal history category from V to VI.  Crawley then received a three-point reduction for acceptance of responsibility, which decreased his total offense level to thirty-one.  Based on those calculations, Crawley had a Sentencing Guidelines range of 188 to 235 months.

During sentencing, Crawley contended that he did not use a firearm during the robbery and argued that the information about the firearm came "solely from the victim of the incident, no firearms were recovered, the firearm charge was nolle prossed, and Mr. Crawley only received a sentence of 4 months of active imprisonment, which suggests that firearms were not involved." (ECF No. 28, at 3.)  In addition, in his sentencing position, Crawley argued that the robbery statute in Virginia does not meet the definition of a "crime of violence" under U.S.S.G. § 4B1.1, but he conceded that "there ha[d] been significant litigation challenging whether particular crimes, including robbery, are crimes of violence" following *Johnson v. United States*,

2

576 U.S. 591 (2015). (ECF No. 28, at 2.) Crawley's original counsel moved to withdraw after filing her position paper due to a breakdown in the attorney-client relationship. At the sentencing hearing, Crawley's new counsel explained that she had undergone training about *Johnson*, and "[i]t seems that under Virginia law . . . robbery is in fact an offense of violence." (ECF No. 47, Dec. 13, 2016, Sentencing Hr'g, Tr. 6:5-6.) The Court then relied on *United States v. Doctor*[2] to conclude that Crawley "is a career offender, because the South Carolina and Virginia robbery laws are substantially the same, and both involve threatened use of physical force." (*Id.* at 7:14-18.) The Court sentenced Crawley to a Guidelines sentence of 188 months' imprisonment followed by 5 years of supervised release.

Crawley filed multiple motions seeking post-conviction relief. Most relevant here, in 2022, Crawley moved for compassionate release. First, he argued that, based the Fourth Circuit's decision in *United States v. White*, 24 F.4th 378 (4th Cir. 2022), he would not qualify as a career offender under U.S.S.G. § 4B1.1(a) if sentenced today because his robbery conviction would not count as a crime of violence. Second, Crawley argued that his medical conditions, combined with the prison facility conditions, put him at an increased risk of contracting COVID-19 and serious illness. Third, he asserted that his rehabilitation supported a sentence reduction.

The Court denied the motion and rejected Crawley's argument regarding his medical conditions and COVID-19. Moreover, because *White* did not discuss the Guidelines' career offender provision (and because unpublished Fourth Circuit opinions pre-*White* had held that Virginia robbery supported applying § 4B1.1), this Court held that "an open question remain[ed] as to whether and how *White* extends to the enumerated offenses clause under § 4B1.2." (ECF

---

[2] 842 F.3d 306, 312 (4th Cir. 2016) (holding that robbery under South Carolina law qualified as a predicate violent offense for the purposes of the Armed Career Criminal Act ("ACCA")).

3

No. 94, at 11.) Because "[t]he Court [could not] say with certainty that if it sentenced Crawley today it would have applied the career offender enhancement to Crawley's case or not varied downward," it declined to "consider this uncertainty, without more, 'extraordinary and compelling' under the compassionate release standard." (*Id.*) And, although the Court could not grant the motion on rehabilitation alone, it nevertheless held that Crawley had "shown noteworthy rehabilitation," (*id.* at 13), and did "not foreclose the possibility that his argument regarding the career offender enhancement, especially when coupled with his noteworthy rehabilitation, could amount to an 'extraordinary and compelling' reason to reduce Crawley's sentence in the future should the law develop to further support his argument," (*id.* at 14).

Crawley appealed the Court's denial. In the resulting opinion, the Fourth Circuit resolved that uncertainty. Specifically, the Fourth Circuit held that "Virginia robbery does not qualify as a 'crime of violence' for purposes of the Guidelines' career-offender enhancement under § 4B1.1(a)." *Crawley*, 140 F.4th at 172. *White*, therefore, "effect[ed] a change in the law, thereby creating a disparity sufficient to satisfy U.S.S.G. § 1B1.13(b)(6)."[3] *Id.* In other words, if

---

[3] When Crawley filed his motion for compassionate release, the United States Sentencing Commission had not yet amended the Sentencing Guidelines to account for defendant-filed motions. When the Court decided his motion, however, the amended Guidelines had taken effect. The Fourth Circuit clarified that "the amended policy statement governs Crawley's motion, even though Crawley filed his motion before the amended policy statement took effect." *Crawley*, 140 F.4th at 170. The relevant policy statement governing Crawley's request, therefore, was the "Unusually Long Sentence" provision, U.S.S.G. § 1B1.13(b)(6), which provides,

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

sentenced today, the Court would not have considered Crawley a career offender. He, therefore, would have had a guidelines range at sentencing of 84 to 105 months' imprisonment rather than the originally calculated range of 188 to 235 months' imprisonment. But the Court nevertheless affirmed this Court's denial because Crawley had not yet served ten years in prison, meaning "consideration of the § 1B1.13(b)(6) factor of the amended policy statement [was] not available to him." *Id.* at 173.

Once Crawley satisfied the ten-year requirement, he filed the instant motion. The Bureau of Prisons (the "BOP") has transferred Crawley to home confinement, and he has a projected release date of June 9, 2028.[4]

## II. **LEGAL STANDARD**

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Pursuant to § 3582(c)(1)(A), however, a district court may reduce a criminal defendant's sentence if, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," the court "finds that . . . extraordinary and compelling reasons warrant such a reduction." Before the First Step Act, courts could only consider compassionate release motions if they were initiated by the BOP. *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), *superseded by regulation as recognized in United States v. Davis*, 99 F.4th 647 (4th Cir. 2024). But today, § 3582(c)(1)(A) empowers a defendant to file his own motion for compassionate release so long as he first "fully exhaust[s] all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or waits thirty days "from the receipt of such a request by the warden of [his] facility, whichever is earlier."

---

[4] *See Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited May 5, 2026).

Although Congress did not define extraordinary and compelling reasons in § 3582(c)(1)(A), "the Sentencing Commission . . . addressed the issue in a policy statement, United States Sentencing Guideline § 1B1.13," which provided the BOP with several categories of "extraordinary and compelling reasons" to consider. *McCoy*, 981 F.3d at 276. For years following the passage of the First Step Act, the Sentencing Commission did not update § 1B1.13 to account for motions filed by defendants, meaning the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id.* at 281–82, 284. A court, therefore, remained "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

The Sentencing Commission, however, has amended the Sentencing Guidelines to address compassionate release motions brought by defendants and expanded the list of extraordinary and compelling reasons that support a sentence reduction. U.S.S.G. § 1B1.13. The reasons fall into several categories: (1) the defendant's medical circumstances, *id.* § 1B1.13(b)(1); (2) the defendant's age, *id.* § 1B1.13(b)(2); (3) the defendant's family circumstances, *id.* § 1B1.13(b)(3); (4) whether the defendant was the victim of certain abuse while in custody, *id.* § 1B1.13(b)(4); (5) "any other circumstance or combination of circumstances that, when considered by themselves or together with any" of the preceding categories, "are similar in gravity," *id.* § 1B1.13(b)(5); and (6) an unusually long sentence if the defendant meets certain requirements, *id.* § 1B1.13(b)(6). The defendant must also establish that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2). These amendments took effect on November 1, 2023.

6

## III. ANALYSIS

The government does not address whether Crawley exhausted his administrative remedies. Accordingly, it has waived any objection on that basis. *See United States v. Muhammad*, 16 F.4th 126, 129–30 (4th Cir. 2021) (citing *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019)) (explaining that administrative exhaustion "is a non-jurisdictional claim-processing rule" and can, therefore, be "waived if it is not timely raised"). Moreover, both the parties and the Court agree that Crawley has established an extraordinary and compelling reason to reduce his sentence to time served for the reasons set forth in *Crawley*, 140 F.4th at 170–73. Thus, the Court will focus its analysis on two questions. First, do the factors set forth in 18 U.S.C. § 3553(a) support reducing Crawley's sentence to time served? Second, does the record support reducing or eliminating Crawley's term of supervised release? The Court will address each question in turn.

### A. Reduction of Crawley's Term of Imprisonment

The § 3553(a) factors support reducing Crawley's term of incarceration to time served. Under § 3553(a), a district court must impose a sentence that is "sufficient, but not greater than necessary" to achieve certain goals.[5] 18 U.S.C. § 3553(a). The sentence must, among other

---

[5] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence and kinds of sentences available; (8) pertinent policy statements; (9) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; and (10) the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a)(1)–(7).

Further, although rehabilitation alone cannot serve as an extraordinary and compelling reason to reduce a defendant's sentence, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and

things, "reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense . . . [and] protect the public from future crimes of the defendant." *Id.* § 3553(a)(2). Section 3553(a) also directs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). Further, the Court can only reduce the sentence after it determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

As the Court previously concluded, "Crawley has shown noteworthy rehabilitation. [While] in prison, he [was] a model inmate, . . . maintained an infraction-free disciplinary record, . . . received glowing performance reviews from his work assignment, and . . . actively participated in prison programming." (ECF No. 94, at 13.) This has continued since his 2022 motion. (*See, e.g.*, ECF No. 103, at 6); *see* 18 U.S.C. § 3553(a)(2)(A)–(B). Crawley has remained connected to his family, who has acted as a strong support system during his time in prison and while on home confinement. Upon his release to home confinement, Crawley also quickly got a job with "QubicaAMF, a maker of bowling equipment," which provides him full time employment, an annual salary, and various benefits that help him support himself. (ECF No. 109, at 2; ECF No. 109-1); *see* 18 U.S.C. § 3552(a)(1). The BOP's decision to place Crawley on home confinement further supports the conclusion that he does not remain a danger to the public and is ready to begin his reintegration into society. *See* 18 U.S.C. § 3553(a)(2)(C); U.S.S.G § 1B1.13(a)(2). And although Crawley committed a serious crime, his current sentence represents a significant disparity from what those who commit similar offenses face today. *See*

---

to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, § 1B1.13(b)(6) on its own establishes an extraordinary and compelling reason to reduce Crawley's sentence. The Court, therefore, considers Crawley's rehabilitation as part of it § 3553(a) analysis to determine the extent of the reduction appropriate here.

8

18 U.S.C. § 3552(a)(6). Indeed, Crawley has served well over what he would have served if the Court had imposed a sentence at the low-end of his current guidelines range.

In sum, Crawley's crimes were serious. But his current 188-month sentence, at the low end of his original guidelines range and well above his current guidelines range, is "greater than necessary" to serve the goals of sentencing. *See id.* § 3553(a). Instead, a sentence of time served represents a sufficient sentence on this record. *See id.* The Court, therefore, will reduce Crawley's term of imprisonment to time served.

### B. Reduction of Crawley's Term of Supervised Release

Crawley also asks the Court to greatly reduce or eliminate his term of supervised release. The government objects to this request.

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citations omitted). The BOP transferred Crawley to home confinement a few months ago. Although Crawley has shown extraordinary rehabilitation, he has mainly done so in the prison setting. Crawley needs additional time on supervised release to demonstrate that he has successfully "transition[ed] to community life" sufficient to justify reducing or eliminating his term of supervision. *Id.* Moreover, he has other mechanisms available to him to request early termination of supervision once he has made such a showing. *See* 18 U.S.C. § 3583(e)(1). Accordingly, the Court will deny the motion to the extent he asks the Court to modify his supervised release term.

### IV. CONCLUSION

Because Crawley has established an extraordinary and compelling reason to reduce his sentence and because the § 3553(a) factors support reducing his term of imprisonment, the Court

9

GRANTS IN PART the motion. (ECF No. 102.) The Court REDUCES Crawley's sentence to TIME SERVED, effective ten (10) days from the date of this Memorandum Order. All other provisions of the judgment, including his five (5) year term of supervised release, SHALL remain in effect absent further order of this Court. (ECF No. 39.) Crawley may re-raise his arguments regarding early termination of supervised release in a motion under 18 U.S.C. § 3583(e)(1) at the appropriate time.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record; to the United States Probation Office, Richmond Division; to the BOP; and to Crawley.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 5 May 2026
Richmond, VA

10